UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60178-CIV-COHN/WHITE

EARL HUGHES BURGESS,

    Plaintiff,

vs.

UNITED STATES, ET AL.,

    Defendants.
_____/

## ORDER ADOPTING REPORT OF UNITED STATES MAGISTRATE JUDGE

**THIS CAUSE** is before the Court upon the Report of Magistrate Judge regarding Plaintiff Earl Hughes Burgess's civil complaint, prepared by United States Magistrate Judge Patrick A. White on August 7, 2006 [DE 24]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the record herein, including the pleadings and the Report and Recommendation, as well as the Plaintiff's Objections [DE 29], and is otherwise fully advised in the premises.

Magistrate Judge White's Report recommends that Plaintiff's Motion to Amend be granted, that the Amended Complaint be permitted to proceed only as to the allegations against Defendant West, that all remaining claims and defendants be dismissed, and that Plaintiff's Motion to Add Co-Plaintiff be denied. (Report of Magistrate Judge, p. 16.) Plaintiff Earl Burgess raises two objections to this Report.

First, Plaintiff objects to the dismissal of Defendant Denmeade, arguing that there exists no policy at the jail that requires caregivers to disclose inmate medical information to non-medical staff. However, as Magistrate Judge White stated in his

Report, Denmeade's alleged disclosure of medical information to West resulted from West accompanying Denmeade as she distributed medication to inmates for security reasons. (Report of Magistrate Judge, p. 10.) West's assignment to accompany Denmeade for security reasons bears a reasonable relationship to legitimate penological interests, so the resulting loss of privacy when West observed Plaintiff's medication for AIDS is not a constitutional violation.

Second, Plaintiff objects to the dismissal of the cause of action against Defendants Jenne and Evans. He argues that dismissal is premature because he has not had the opportunity to conduct discovery and potentially obtain evidence of gross negligence to establish liability on the part of these Defendants. However, as Magistrate Judge White stated, Plaintiff has made only conclusory allegations of failure to supervise and failure to train, which are insufficient to state a constitutional claim without more specific allegations fact that would tend to show gross negligence or deliberate indifference on the part of Defendants Jenne and Evans. (Report of Magistrate Judge, p. 13-14.) Therefore, Jenne and Evans should be dismissed as parties to this action. Therefore, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge Patrick A. White [DE 24] is hereby **ADOPTED**.

2. Plaintiff's Motion to Amend [DE 20] is **GRANTED**.

3. The Amended Complaint [DE 21] shall be the Operative Complaint.

4. The Amended Complaint shall proceed only as to the allegations against West.

5. The remaining claims and defendants are dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

6. The Motion to Add Co-Plaintiff [DE 22] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of October, 2006.

JAMES I. COHN
United States District Judge

Copies provided to:

Earl Hughes Burgess, *pro se*
    Reg. No. 53598-004
    FCI Jesup
    2680 U.S. Highway 301
    Jesup, GA 31599

Tameka Gaines Burgess, *pro se*
    766 Veneto Drive #106
    Lake Park, FL  33403