

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-60178-CIV-COHN/WHITE

EARL HUGHES BURGEST,

    Plaintiff,

v.

UNITED STATES, et al.,

    Defendants.
_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon a Report and Recommendation [DE 73], submitted by United States Magistrate Judge Patrick A. White, regarding Plaintiff Earl Hughes Burgest's *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, as amended [DE 21]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motion, the Report and Recommendation, and Movant's Objections [DE 74], and is otherwise fully advised in the premises.

Mr. Burgest raises three objections to the Report and Recommendation: first, that his exhaustion remedies were constructively unavailable; second, that Defendant West was not acting within the scope of her discretionary authority; and third, that the law was clearly established such to put Defendant West on notice that her actions were in violation of federal law.

The Court first considers the issues raised under the Prison Litigation Reform Act of 1995 ("PLRA"). The Eleventh Circuit has noted that "[d]istrict courts should first

consider whether the PLRA bars a prisoner plaintiff's suit prior to rendering a decision on the merits." Boxer X v. Harris, 437 F.3d 1107, 1110 n.2 (11th Cir. 2006). Because the issue of exhaustion is dispositive, the Court need not address the remainder of Mr. Burgest's arguments herein.

 Mr. Burgest objects to the Magistrate Judge's conclusion that he did not exhaust his administrative remedies, and was thus, pursuant to the PLRA, prohibited from seeking redress in the courts. The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e. Mr. Burgest does not argue with the Magistrate Judge's finding that he did not exhaust his remedies, but rather argues that this failure was due to the actions of the prison authorities and, thus, should not serve to prevent him bringing suit. In support of this argument, he alleges that (1) Defendant West deliberately gave him the wrong form when he requested a grievance form, (2) Defendant West's immediate supervisor came to his cell in a threatening manner and told him to drop his claims, (3) jail staff intercepted grievances and conspired to deprive him of a fair grievance procedure, (4) that grievances were not returned to him until he was scheduled for sentencing, at which point he would be transferred and unable to complete the administrative appeal process, (5) that he was intimidated by Sergeant Scott coming to his cell and telling him to drop the grievance, as well as a prior attack on another prisoner, (6) that he had expressed fear in one grievance that two inmates would help Defendant West retaliate against him, (7) that the jailors retaliated against him by keeping him locked down in his

cell and by separating his witnesses, and (8) that he was not given enough copies of the grievance given to him with the lower level response to make any further administrative appeals without giving up his copy of the response.

The first seven of these allegations are directly contradicted by the record evidence, which shows that he was able to successfully submit a number of grievances during the time period complained of, and that he received a response to the initial grievance addressing the conduct complained of in this litigation. He received the response to his initial and primary grievance as to Defendant West's conduct on January 23, 2006, and although he filed no appeal of that response, as directed on the form, he went on to file subsequent grievances on January 30 and 31, 2006. The evidence of record establishes that the January 23, 2006 response contained clear instructions as to how to appeal, and regardless of whether he would have a copy of the response to retain for himself, Mr. Burgest was capable of carrying out those instructions and appealing the conclusion if he was not happy with it. His allegations of intimidation and coercion by prison officials are flatly contradicted by the evidence showing that he submitted two subsequent grievances only one week after receiving the response to his initial grievance and failing to file an appeal.

Thus, this Court agrees with the Magistrate Judge that Mr. Burgest failed to exhaust his administrative remedies, and thus, summary judgment must be granted in favor of Defendant West.[1] Accordingly, it is hereby

---

[1] The Court also notes that Mr. Burgest has provided no admissible evidence to support his claim. Although he provides declarations of both himself and another prisoner, each relating that Mr. Bivens told them of Defendant West's actions, there is no declaration of Bivens, or anyone else who actually witnessed the alleged actions.

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [DE 73] is **ADOPTED in part**, only as to those portions addressing the issue of exhaustion.

2. Defendant West's Motion for Summary Judgment [DE 57] is **GRANTED**.

3. Any pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 11th day of March, 2008.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Earl Hughes Burgest, *pro se*
Reg. # 53598-004
FCI Jesup
2680 U.S. Highway 301 South
Jesup, GA 31599

---

Accordingly, even if Mr. Burgest's claim was not precluded on exhaustion grounds, it would fail on the merits, as he has not placed sufficient evidence of record to create a genuine issue of material fact as to Defendant West's alleged actions.

4